**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 22, 2005
Decided October 28, 2005

**Before**

Hon. FRANK H. EASTERBROOK, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 03-1917

| | |
|---|---|
| JUAN FLORES and ANTONIA FLORES, <br> *Plaintiffs-Appellants*, <br><br> v. <br><br> VILLAGE OF BENSENVILLE, <br> BENSENVILLE BOARD OF TRUSTEES, <br> JOHN GEILS, individually and in his <br> official capacity as a member of the <br> Bensenville Board of Trustees, et al., <br> *Defendants-Appellees*. | Appeal from the United States <br> District Court for the <br> Northern District of Illinois, <br> Eastern Division. <br><br> No. 00 C 4905 <br><br> Paul E. Plunkett, <br> *Judge*. |

**O R D E R**

Juan and Antonia Flores own several properties in Bensenville, Illinois, a suburb of Chicago. In August 2000, they sued the Village of Bensenville under the Fair Housing Act, 42 U.S.C. § 3601 et seq., and other civil-rights statutes, claiming that it discriminated against them as Hispanic property owners. Most of the events of which they complained involved the Village's enforcement of its zoning and occupancy regulations. For example, two of the properties--at 234 and 238 Park Street--had coach houses in the back which the couple rented out for residential use. But under Bensenville's zoning law, coach houses can only be used as garages, not as residences, so in 1997 the Village ordered the couple to vacate the structures.

That order was upheld by the Circuit Court of DuPage County, which in 1998 enjoined the Floreses from occupying the structures or allowing their occupancy.

Then, one morning in October 1999, the couple's own house at 238 Park Street caught fire. The Bensenville fire department arrived and put out the blaze, but the Floreses believed they should have responded more quickly. The house was badly damaged, so the couple moved into the coach house in the back. They obtained a permit to rebuild the main house, but when the Village discovered how much the reconstruction would cost, it rescinded the permit. Park Street, it turned out, had been rezoned for light industrial use more than 30 years earlier, making the house a nonconformity under § 10-16-2 of the Bensenville Zoning Code. And although the code allows minor reconstruction of nonconformities, see § 10-16-7(B)(2)(a), it prohibits major reconstruction, defined as reconstruction costing more than half of the property's value, see § 10-16-7(B)(2)(b). The estimated cost of rebuilding the house was $75,163.24, more than half its insured value of $143,758.00. Reconstruction for nonindustrial use, the Village concluded, would therefore violate its zoning ordinance.

Unable to rebuild their home, the Floreses continued living in the coach house, but life there soon became more difficult. In the wake of the fire, the Village shut off water service to the property at 238 Park Street. Because the coach house was on the same water line, it, too, was left dry, and the Floreses had to make do by ferrying water to the coach house in buckets. They tried to get the water turned back on, but the Village refused to extend service to a structure that was not supposed to be used as a residence.

The Floreses then sued the Village, alleging that its actions--responding to their fire too slowly, refusing to allow them to rebuild their house, and denying them water service--showed a pattern of discrimination against them as Hispanics, in violation of the Fair Housing Act. (A number of Village officials were also named as defendants, but they were dismissed from the suit when the plaintiffs failed to present any evidence of individual involvement.) The Village moved for summary judgment. Finding no direct evidence of discrimination, the court considered whether the plaintiffs could prove their case indirectly using the burden-shifting method of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). See Allen v. Muriello, 217 F.3d 517, 520 (7th Cir. 2000) (McDonnell Douglas framework may be used to support claims under Fair Housing Act). The court found that the plaintiffs did not make out a prima facie case of discrimination in the denial of water and fire services because they did not identify anyone similarly situated who was treated more favorably. And although a denial-of-dwelling claim (the Village's refusal to allow rebuilding) does not require identification of anyone similarly situated, see Hamilton v. Svatik, 779 F.2d 383, 387 (7th Cir. 1985), the plaintiffs failed to show

that the Village's reason for its refusal--the nonconformity of the house and the rule against major reconstruction of nonconformities--was pretextual.

On appeal, the plaintiffs argue that summary judgment was inappropriate, but their argument is largely conclusory.  They insist that the Village's actions were discriminatory, but they still do not identify anyone who was treated any better.  Nor do they point to any evidence suggesting that the Village's reliance on its zoning law was a pretext for discrimination.  And although the events the Floreses describe are unfortunate, they do not amount to the sort of "convincing mosaic" of circumstantial evidence that would allow a trier of fact to infer discrimination.  See Troupe v. May Dep't Stores, 20 F.3d 734, 737 (7th Cir. 1994).  Summary judgment was therefore appropriate, and the district court's decision is

AFFIRMED.